# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN K. TAYLOR,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0541**  (BOR Appeal No. 2046559)
　　　　　　　　　　(Claim No. 2010131535)

**DAVID W. TACKETT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian K. Taylor, by Linda Garrett, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. David W. Tackett, by Gary Nickerson and James Heslep, his attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2012, in which the Board affirmed an October 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 18, 2010, decision denying Mr. Taylor's request to add cervical disc herniation and cervical radiculitis as compensable conditions, and also denying his request for authorization for a C6-7 anterior cervical discectomy with fusion. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Taylor fractured his right ankle on April 13, 2010, when he fell off a ladder and landed on his feet on a rooftop. On April 21, 2010, the claim was held compensable for other/unspecified injury of the knee/leg/ankle/foot and closed astragalus fracture. On July 17, 2010, Mr. Taylor presented at the emergency room with complaints of a tingling sensation in his left arm and left scapula/chest pain. He presented at the emergency room complaining of back pain again on July 22, 2010, and July 29, 2010. On July 29, 2010, a cervical spine MRI revealed

1

a moderate-to-large sized left central disc herniation at C6-7. On August 5, 2010, Dr. Miele evaluated Mr. Taylor and stated that his C6-7 disc herniation is most likely traumatic in nature. On August 20, 2010, Dr. Thaxton performed a records review and stated that Mr. Taylor's request to add cervical disc herniation and cervical radiculopathy as compensable components of the claim should be denied. She further stated that Mr. Taylor's request for authorization for a C6-7 anterior discectomy with fusion should be denied. She found that Mr. Taylor made no mention of neck or upper extremity pain when he presented at the emergency room immediately after his April 13, 2010, injury. She noted that Mr. Taylor did not begin complaining of back pain until July 17, 2010, and found that this does not correspond temporally with the April 13, 2010, injury. On October 18, 2010, the claims administrator denied Mr. Taylor's request to add cervical disc herniation and cervical radiculitis as compensable components of the claim, and also denied Mr. Taylor's request for authorization for a C6-7 anterior cervical discectomy with fusion.

In its Order affirming the October 18, 2010, claims administrator's decision, the Office of Judges held that the evidence of record fails to demonstrate that a cervical disc herniation and cervical radiculitis should be added as compensable components of the claim, and further held that the evidence of record fails to demonstrate that a C6-7 cervical discectomy with fusion should be authorized. Mr. Taylor disputes this finding and asserts, based on the opinion of Dr. Miele, that cervical disc herniation and cervical radiculitis should be added as compensable components of the claim and that he is entitled to authorization for a C6-7 cervical discectomy with fusion.

The Office of Judges found that Mr. Taylor did not complain of back pain until more than three months after the April 13, 2010, injury. The Office of Judges further found that the evidence of record indicates that when Mr. Taylor fell on April 13, 2010, he landed on his feet and did not strike his head or neck. The Office of Judges then found that the evidence of record does not support the conclusion that Mr. Taylor sustained a traumatic injury to his cervical spine as a result of the April 13, 2010, injury. The Board of Review reached the same reasoned conclusions in its decision of March 29, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum